**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| FENGLING LIANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03293-MBB |
| | ) | |
| MARKWAYNE MULLIN, et al. | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Fengling Liang petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  She argues that the Respondents (the "Government") wrongfully detained her without a bond hearing.  (**Doc. 1**, p. 1).  She asks the Court to order the Government to provide such a hearing or immediately release her.  (*Id.* at p. 19).  Because Petitioner's detention without bond does not violate the Immigration and Nationality Act (the "INA") or procedural due process, the petition is DENIED.

### Background

Petitioner, a Chinese citizen, entered the United States illegally in 2024.  (*Id.* at p. 2); (**Doc. 1-2**, p. 5).  DHS arrested her and began removal proceedings.  (**Doc. 1-2**, p. 8).  She was released on her own recognizance "due to lack of bed space."  (*Id.* at pp. 5-6).  She filed an application for asylum and withholding of removal.  (**Doc. 1**, p. 2).  On October 7, 2025, DHS re-arrested and detained her.  (*Id.*); (**Doc. 1-2**, p. 14).  She requested a bond hearing.  (**Doc. 1**, p. 7).  DHS denied bond because she was ineligible under 8 U.S.C. § 1225(b)(2)(A).  (*Id.*); (**Doc. 1-2**, p. 21).  An immigration judge ordered her removed on December 18, 2025.  (**Doc. 1-2**, p. 26).  She appealed.  (*Id.* at p. 29).  She remains detained pending that appeal.  (*Id.* at p. 21); (**Doc. 1**, p. 7).

On May 21, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). She argues that the Government is wrong to detain her under Section 1225(b)(2)(A) instead of 8 U.S.C. § 1226(a). (**Id.** at pp. 14-17). And she argues that her prolonged confinement without a bond hearing is unconstitutional. (**Id.** at pp. 17-18); (**Doc. 6**, p. 6). She alleges violations of the INA and procedural due process. (**Doc. 1**, pp. 14-19).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. Her mandatory detention pending removal proceedings is not contrary to the INA or procedural due process.

### I. Petitioner's detention does not violate the INA.

Two provisions of the INA provide for detention of aliens pending removal proceedings: INA section 235(b), codified at 8 U.S.C. § 1225(b); and INA section 236(a), codified at 8 U.S.C. § 1226(a). Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. Section 1226(a) says: "On a warrant

2

issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." **8 U.S.C. § 1226(a)**. If the alien is detained, the Attorney General may continue to detain them or release them on bond or conditional parole. **8 U.S.C. § 1226(a)(1)-(2)**.

Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) because she is an "applicant for admission," "seeking admission," and no immigration officer has determined that she is "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. The Laken Riley Act does not require a different result. And DHS may properly rely on Section 1225(b)(2)(A) despite prior reliance on Section 1226(a).

### A. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021).

Petitioner, a Chinese citizen, was detained at the border in 2024. She was placed in removal proceedings. She was released into the country pending those proceedings, which are ongoing. Her release did not bestow lawful admission. *See Sanchez*, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). Petitioner is present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. She is an "applicant for admission" under Section 1225(b)(2)(A).

3

### B. Petitioner is "seeking admission."

If an alien is an "applicant for admission," she is also "seeking admission." *Id.* at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b)(2)(A). *Id.* The Eighth Circuit held that Section 1225(b)(2)(A) authorized the alien's detention without bond. According to that court, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where she has lived since 2024. As discussed, she has not been admitted because she never made "lawful entry into the country." *See id.* at 1133. She is "seeking admission" under Section 1225(b)(2)(A).

### C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Immigration authorities found that Petitioner was subject to removal in 2024 and released her pending removal proceedings. An immigration judge ultimately ordered her removed to China. She presents no evidence of any other immigration determination relevant to admission. She is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. Section 1225(b)(2)(A) permits the Government to detain her without bond.

### D. The Laken Riley Act does not foreclose the Court's statutory interpretation.

Petitioner argues that the Court's interpretation of Section 1225(b)(2)(A) would make the Laken Riley Act, codified in 8 U.S.C. § 1226(c), redundant. (**Doc. 1**, p. 16). The Eighth Circuit resolved this argument in *Avila*. That court said, "because § 1226(c) applies a different set of

4

penalties to a broader group of aliens than § 1225(b)(2)(A) does, the latter does not render the former surplusage." *See Avila*, 170 F.4th at 1137. "In any case, to the extent that the Laken Riley Act overlaps with § 1225, 'redundancy in one portion of a statute is not a license to rewrite or eviscerate another portion of the statute contrary to its text.'" *Id.*, *quoting Barton v. Barr*, 590 U.S. 222, 239 (2020).

### E. The Government may detain Petitioner under Section 1225(b)(2)(A) despite prior classification under Section 1226(a).

Petitioner argues that because DHS processed her in a manner consistent with Section 1226(a), the Government cannot rely on Section 1225(b)(2)(A) to detain her without bond. (**Doc. 1**, pp. 14-15). Assuming without deciding that DHS initially classified Petitioner under Section 1226(a), DHS may now detain her without bond under Section 1225(b)(2)(A). Petitioner is still an "applicant for admission," "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And "the mere failure of [DHS]" to initially classify Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See Avila*, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." *Id.* (cleaned up).

### II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner urges the Court to evaluate her procedural due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. (**Doc. 1**, pp. 18-19). *See Mathews v. Eldridge*, 424 U.S. 319 (1976). She complains that her mandatory detention under Section 1225(b)(2)(A) fails that test. The Government responds that Section 1225(b)(2)(A) provides all the procedural due process due to Petitioner. (**Doc. 7**, p. 8).

5

The Government is right. Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See Baynee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024). *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See Demore*, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings. *Baynee*, 115 F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.*, *quoting Demore*, 538 U.S. at 527.

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522.

Petitioner is properly detained under Section 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. Petitioner concedes that she is detained pending removal proceedings. She presents no evidence that he is detained for any

6

other reason.  Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending deportation, procedural due process requires no more.  *See **Baynee***, 115 F.4th at 932.

**Conclusion**

Petitioner's continued detention does not violate the INA or procedural due process.  The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2026

7